# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL SCOTT PIETILA,

                Plaintiff,

v.

CAPTAIN TRITT, SGT. WINTERS, SGT. MOUNGEY, SGT. WOLF, C.O. PASS, C.O. PETERS, C.O. KAPELL, C.O. ROPER, C.O. KING, C.O. DETERT, C.O. POHL, C.O. DEMERS, C.O. CLARK, and JOHN and JANE DOES 1–8,

                Defendants.

Case No. 18-CV-1046-JPS

**ORDER**

      Plaintiff Michael Scott Pietila, who is incarcerated at Waupun Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

      Normally, the Court screens a prisoner complaint only after the prisoner pays their initial partial filing fee ("IPFF"). However, in prior actions filed recently by Plaintiff, he was allowed to proceed without payment of an IPFF due to his extreme indigence. *See, e.g.*, *Pietila v. Roper et al.*, Case No. 17-CV-1588-JPS (E.D. Wis.), (Docket #11). The Court will,

therefore, immediately grant Plaintiff's motion for leave to proceed without prepayment of the filing fee. As explained below, Plaintiff's action is indisputably meritless, so the IPFF payment matters little.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its

face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that beginning in April 2017, he was denied soap, clothing, linen, a toothbrush, and toothpaste for a weeks-long period. (Docket #1 at 2). He says he asked each Defendant about receiving those items, either in person or by letter, but apparently to no avail. *Id.* Plaintiff

explains that this episode began when he was placed on "control status" for allegedly spitting on an officer. *Id.* Plaintiff was in a state of "hyper psychosis" and "insanity" at this time. *Id.*

Plaintiff concludes his factual allegations with the following sentences: "My initial complaint was dismissed without prejudice due to failure to exhaust administrative remedies which I have now exhausted. They are exhibits A-1 – A-3 accompanying this refiled and amended complaint." *Id.* at 3. Plaintiff has indeed had prior lawsuits dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). *See Pietila v. Tritt et al.*, Case No. 17-CV-1586-JPS (E.D. Wis.) ("*Tritt I*"), (Docket #30); *Pietila v. Westra et al.*, Case No. 17-CV-1587-JPS (E.D. Wis.), (Docket #27). Though described as a "refiled and amended complaint," Plaintiff's instant pleading does not indicate which prior case it should be filed in. *See generally* (Docket #1) (hereinafter referred to as "*Tritt II*").

It appears that the allegations of *Tritt II* are potentially related to those of *Tritt I*. In *Tritt I*, Plaintiff alleged that Captain Tritt and numerous Doe defendants employed cruel and unusual punishment against him while he was on "control status. *Tritt I*, (Docket #14 at 3–4). They did so by denying him linens, clothes, or other things to keep him warm in the cold spring months. *Id.* at 4. They also refused to provide him hygiene items. *Id.* Moreover, Plaintiff was not allowed to sleep on a mattress. *Id.* Finally, he was not given toilet paper and so had to wipe himself with his bare hands. *Id.* Because the allegations of *Tritt II* are less detailed than those of *Tritt I*, the Court is not entirely sure that both complaints cover precisely the same topics. Out of an abundance of caution, the Court has docketed *Tritt II* as a separate action.

Turning to the merits of the case, Plaintiff is incorrect that he has exhausted his administrative remedies. This action must therefore be immediately dismissed on that ground. The Court quotes from its June 13, 2018 order disposing of *Tritt I* to explain the exhaustion requirement and its interaction with the Wisconsin prison system:

> The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). . . . Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).
>
> . . .
>
> The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps inmates must take to exhaust their administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § DOC 310.11(6).2 If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

> Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within ten days. *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

*Tritt I*, (Docket #30 at 4–6).

The exhibits to Plaintiff's complaint confirm that he has not properly exhausted his administrative remedies. Plaintiff filed an ICRS complaint on June 25, 2018, a little less than two weeks after *Tritt I* was dismissed. (Docket #1 at 6). The complaint stated the same allegations as described in *Tritt II*. *Id.* The next day, the ICE responded to the complaint by requesting clarification of certain facts. *Id.* at 8. Plaintiff replied to the ICE's letter on July 2, 2018. *Id.* at 9. Upon receipt of his reply, the ICE rejected Plaintiff's complaint as untimely. *Id.* at 11. Namely, the complaint was filed more than a year after the events underlying it, and thus far beyond the ICRS's fourteen-day time limit. *Id.*; Wis. Admin. Code §§ DOC 310.07(1). The ICE also found that Plaintiff did not have good cause to excuse the timeliness requirement. *Id.* Plaintiff appealed that rejection but it was upheld by the reviewing authority (the warden) on July 4, 2018. *Id.* at 13–14.

As noted above, proper exhaustion means that the prisoner must file their complaints in accordance with the prison system's procedural rules, including those governing timeliness. *Pozo*, 286 F.3d at 1025. "[I]f the state stands on its time limits and rejects the filing as too late," as is the case here, "then state remedies have not been properly invoked [or exhausted]." *Id.*

Plaintiff has therefore failed to exhaust his administrative remedies as to the allegations of *Tritt II*. The case must be dismissed on that basis.[1]

The Court closes with a warning to Plaintiff. In *Tritt I*, the Court stated the principle that dismissal for lack of exhaustion should always be without prejudice. *Tritt I*, (Docket #30 at 7 n.4), citing *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). This is not an invitation to freely file complaints based on allegations which have not been vetted through the ICRS system. Plaintiff's grievances regarding the April 2017 deprivations have now been rejected as untimely by the Wisconsin Department of Corrections. Unless and until Plaintiff convinces it to reconsider that position, his administrative remedies will not be properly exhausted. If Plaintiff files any further motions or pleadings related to the allegations of *Tritt I* or *Tritt II* without exhausting his administrative remedies, the Court will consider imposing sanctions upon him.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

---

[1] It is nearly certain that Plaintiff has failed to exhaust in another way. The reviewing authority's affirmance of the rejection came just six days before *Tritt II* was filed. It would be astounding to the Court if the second step of the ICRS process, involving the CCE and the Secretary of the Department of Corrections, was completed in that period. *See Tritt I*, (Docket #30 at 5) ("Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016)[.]").

**IT IS FURTHER ORDERED** that the Clerk of the Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge